IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK EDWARD ANGEL, Trustee of THE ROBERT S. ANGEL LIVING TRUST,<br><br>Plaintiff,<br><br>vs.<br><br>CAPITAL RESEARCH GROUP, INC., a Hawaii corporation; DANIEL P. DOYLE; FRED OVERSTREET<br><br>Defendants. | Civ. No. 10-00364 HG/KSC |

**ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO
GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT
AS TO ALL DEFENDANTS (DOC. 40)
AS AMENDED**

Findings and Recommendation having been filed and served on all parties on May 24, 2012, and no objections having been filed by any party,

IT IS HEREBY ORDERED AND ADJUDGED that, pursuant to Title 28, United States Code, Section 636(b)(1)(C) and Local Rule 74.2, the "MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTIONFOR ENTRY OF DEFAULT JUDGMENT AS

TO ALL DEFENDANTS, EXHIBIT A" (Doc. 40) as amended below, are adopted as the opinion and order of this Court.

The Findings and Recommendation is related here in its entirety to correct clerical and typographical errors contained in the original Findings and Recommendation:

**MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO ALL DEFENDANTS**

Plaintiff JACK EDWARD ANGEL, Trustee of THE ROBERT S. ANGEL LIVING TRUST's Motion for Entry of Default Judgment as to All Defendants, filed herein on March 15, 2012, having come on for hearing before the Court, the Honorable Kevin S. C. Chang, Magistrate Judge, presiding, with J. Stephen Street appearing for the plaintiff and there being no appearance and no written submission by or on behalf of the Defendants, the Court, after full consideration of Plaintiff's motion and the entire record herein, makes the following Findings and Recommendation:

FINDINGS OF FACT

1. This Court has diversity jurisdiction over these claims under 28 U.S.C. § 1332(a) since the parties hereto are citizens of different states and the amount in

controversy exceeds $75,000. Venue is proper in this district under 28 U.S.C. § 1391(a) and § 1391(c).

2. Plaintiff filed his First Amended Complaint herein on September 29, 2011.

3. Based upon the service dates of February 1, 2012, each of Defendants Answers to the Complaint were due on February 22, 2012, and the time for Defendants to answer or otherwise defend against Plaintiff's Amended Complaint was not extended.

4. Defendants have failed to appear or otherwise respond to Plaintiff's First Amended Complaint.

5. Defendants are citizens and residents of the State of Hawaii, and none of the Defendants are infants, incompetent persons, or in active military service.

6. On February 24, 2012, the Clerk of this Court entered the default of all Defendants.

7. This is an action on a Promissory Note dated April 20, 2001, executed by Defendant DANIEL DOYLE ("DOYLE") operating as CAPITAL RESEARCH GROUP, INC. ("CAPITAL RESEARCH") in the original principal amount of $329,709.00 in favor of Robert S. Angel as consideration for a loan received from Robert S. Angel's IRA account in the amount of $329,709.00.

8. On February 18, 2006, the Promissory Note was modified by agreement of the parties to allow for a reduced amount of interest to be paid on the

Promissory Note, by Modification signed by Defendant FRED OVERSTREET ("OVERSTREET").

9. Defendants made some payments on the Promissory Note, the last payment occurring on November 13, 2008.

10. On December 1, 2009, CAPITAL RESEARCH was involuntarily dissolved, without DOYLE and OVERSTREET taking appropriate steps to preserve corporate protection for actions taken and debts incurred by them on behalf of the corporation, and without any discharge of those debts in bankruptcy.

11. On March 10, 2009, Robert Angel passed away and the interests in the promissory note passed to Plaintiff, as Trustee of the Living Trust of Robert S. Angel.

12. On or about February 24, 2010, DOYLE acknowledged that he owed the debt on the Promissory Note, as modified, and agreed with Plaintiff to personally resume making payments, beginning March 15, 2010, if Plaintiff would refrain from pursuing legal action.

13. Defendants failed to make any further payments promised pursuant to that agreement and are in default under the terms of the Promissory Note, as modified.

14. Defendants did not give Plaintiff any notice of the involuntary dissolution of the CAPITAL RESEARCH. DOYLE and OVERSTREET used the now

dissolved corporation CAPITAL RESEARCH as their alter ego, commingled corporate funds and personal funds, and used CAPITAL RESEARCH to defraud creditors.

15. None of the Defendants informed Plaintiff of a February 22, 2007 Consent Order and Stipulations and Consent to Entry of Consent Order by Respondents Capital Research Group, Inc., Frederick H. Overstreet, and Daniel P. Doyle ("Consent Order") filed with the State of Hawaii Department of Commerce and Consumer Affairs ("DCCA"), wherein the Commissioner of Securities found that DOYLE, OVERSTREET and CAPITAL RESEARCH obtained "loans" secured by promissory notes (similar to the loan obtained by Defendants from Robert Angel's IRA account) from other individuals and those "loans" constituted the sale of a "security" within the meaning of HRS § 485-1(13).

16. In the Consent Order, the Commissioner also found that these Defendants' actions in connection with the purported "loans" constituted securities fraud in violation of HRS §485-25, and that these Defendants employed devices, schemes, and/or artifices to defraud, in violation of Section 485-25(a)(1).

17. In taking a loan from Robert Angel's IRA account, each of the Defendants had an obligation to disclose and failed to disclose the following matters to Robert Angel or his representatives:

    a. Defendants failed to disclose information regarding their history of raising money and paying returns on investments;

    b.    Defendants failed to disclose the risks associated with committing funds to the Capital Research investment;

    c.    Defendants failed to disclose that 10% of the funds would be used for real estate transactions, such as payments to title companies, management companies, other real estate companies, escrow businesses, appraisal businesses, and mortgage companies;

    d.    Defendants failed to disclose that over 25% of the funds would be used for Capital Research's expenditures, such as payroll expenses, advertising fees, seminar fees, health insurance premiums, telephone bills, office rent, tax assessments, bank account monthly services charges, business related travel expenses, bank special handling charges, and wire transfer fees;

    e.    Defendants failed to disclose that over 20% of the funds would be used for Defendants' personal use, such as country club fees, charge cards, and other personal expenses.

    f.    Defendants failed to disclose that over 40% of the funds were used to pay other investors, people who lent monies to Capital Research, and people who purchased property through Capital Research; and

    g.    Defendants failed to disclose that the investment constitutes a "security" that is not registered with the Office of Commissioner of Securities, Department of Commerce and Consumer Affairs, State of Hawaii, is not exempt from registration and does not qualify as a federal covered security under the Act.

18. Defendants DOYLE and OVERSTREET are each personally liable for the loan because they have used the Defendant CAPITAL RESEARCH as an alter ego and took the loan as part of a securities fraud scheme for which each of the Defendants is personally liable.

19. Defendants' actions in connection with the loan from Robert Angel's IRA account constituted securities fraud in violation of HRS §485-25, and these

Defendants employed devices, schemes, and/or artifices to defraud, in violation of Section 485-25(a)(1).

20. Plaintiff has demonstrated that, as of March 31, 2012, Defendants jointly and severally owe $519,278.87, plus interest after March 31, 2011, accruing at a rate of $170.72 per day until judgment.

CONCLUSIONS OF LAW

A. To the extent that the foregoing findings of fact are more properly conclusions of law, they shall be treated as such, and, to the extent that the following are more properly findings of fact, they shall be treated as such.

B. "With respect to the determination of liability and the default judgment itself, the general rule is that well-pled allegations in the complaint regarding liability are deemed true." Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002); *see* DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007); TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) *see also* Fed. R. Civ. P. 8(b)(6). The entry of default conclusively establishes the facts as to liability, but not damages. *See* Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). While the court may conduct a hearing to determine damages, *see* Fed. R. Civ. P. 55(b)(2), the court can rely

on evidence submitted by Plaintiffs. Fed. R. Civ. P. 55(b)(2); *see* Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

C. A plaintiff who obtains an entry of default is not entitled to default judgment as a matter of right. See Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003). As a general rule, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." VonGrabe v. Sprint PCS, 312 F. Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La Commercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

D. In determining whether to grant default judgment, the court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006) (quoting Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). *See also* Parr v. Club Peggy, Inc., Civ. No. 11-00505 JMS-BMK, 2012 U.S. Dist. LEXIS 24758 at *4-5 (D. Haw. Jan. 19, 2012).

E. The Eitel factors favor Plaintiff: (1) Defendants' failure to answer or otherwise appear in this action as to either the initial Complaint or the First

8

Amended Complaint over the course of more than a year prejudices Plaintiff's ability to achieve any decision in this action and to do further discovery; (2) Plaintiff has demonstrated that Defendants are in default under the terms of the Promissory Note as modified, and that Defendants have used a corporate alter ego to defraud creditors and commit securities fraud. (3) Plaintiff's complaint sufficiently sets forth the elements to support the claims for payment under the Promissory Note and for personal liability as to each of the Defendants; and (4) there is a significant amount of money at stake. Two of the seven factors are neutral because Defendants have not appeared in this action: (1) the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect, however, any possible argument as to excusable neglect is implausible, given the extended period of time that Defendants have failed to appear in the case. Although the last factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, favors denial of the motion, on balance, the record strongly favors granting the default judgment.

F. The conclusive facts established by Defendants' failure to respond to Plaintiff's well-pled allegations of the use of the corporation as an alter ego to defraud creditors and commit securities fraud make it appropriate to enter judgment jointly and severally against all Defendants as to the default under the

Promissory Note and Modification as well as to the securities fraud. "Generally speaking, a corporation will be deemed the alter ego of another where recognition of the corporate fiction would bring about injustice and inequity or when there is evidence that the corporate fiction has been used to perpetrate a fraud or defeat a rightful claim." Robert's Hawaii Sch. Bus, Inc. v. Laupahoehoe Transp. Co., 91 Hawaii 224, 241-42, 982 P.2d 853, 870-71 (1999) (citations and quotation marks omitted), superseded by statute on other grounds, Haw. Rev. Stat. § 480-2(e), as recognized in Davis v. Four Seasons Hotel Ltd., 122 Hawaii 423, 429, 228 P.3d 303, 309 (2010); Kahili, Inc. v Yamamoto, 54 Haw. 267, 269-70, 271-72, 506 P.2d 9, 11-12 (1973) (piercing corporate veil because (1) two shareholders owned all stock, (2) corporation was undercapitalized, and (3) shareholders' behavior in lease negotiations suggested they were acting for their behalf rather than for the corporation).

    Attorneys Fees and Costs

G.    Plaintiff also seeks his reasonable attorneys fees and costs of pursing this matter. The Promissory Note provides that "If this Note is placed in the hands of an attorney for collection (whether or not suit is filed), … the undersigned agrees to pay reasonable attorney's fees and expenses." (Ex. "A" to First Amended Complaint, Doc. No. 26). Reasonable attorney's fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart,

10

461 U.S. 424, 433 (1983). See Fisher v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9h Cir. 1975), which have not been subsumed in the lodestar calculation. See Fisher, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

(1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Kerr, 526 F.2d at 70. Factors one through five have been included in the lodestar determination. See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996). Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation. See Davis v. City & Cnty. of San Francisco, 976 F.2d 1536, 1549 (9th Cir, 1992), vacated in part on

11

other grounds, 984 F.2d 345 (9th Cir. 1993). Once calculated, the "lodestar" is presumptively reasonable. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fisher, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in rare and exceptional cases).

I. Plaintiff requests the following lodestar amount for attorneys' fees it incurred in this case as detailed in the attached Declaration of Counsel:

| ATTORNEY LODESTAR | HOURS | RATE | TOTAL FEES |
|---|---|---|---|
| J. Stephen Street | 41.0 | $300 | $ 12,300.00 |
| Valerie Clemens | 7.5 | $150 | $ 1,125.00 |

Reasonable Hourly Rate

J. In determining whether an hourly rate is reasonable, the Court considers the experience, skill, and reputation of the attorney requesting fees. See Webb v. Ada Cnty., 285 F.3d 829, 840 n.6 (9th Cir. 2002). The reasonable hourly rate should reflect the prevailing market rates in the community. See id.; see also Gates v. Deukmejian, 987 F.2d 1392, 1405 (9th Cir. 1992), as amended on denial of reh'g, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district"). Although attorneys are required to provide evidence that the rate charged is reasonable, see Jordan v. Multnomah Cnty., 815

F.2d 1258, 1263 (9th Cir. 1987), this Court is better aware of the prevailing rates in the community, having had the opportunity to review fee requests of many attorneys, See e.g,. Parr v. Club Peggy, Inc., 2012 U.S. Dist. LEXIS 24758, at* 3 (D. Haw. Jan. 19, 2012). The Court finds that the hourly rates sought are reasonable. In considering the Declaration of Counsel and breakdown of fees sought, under the standards discussed above, the Court has determined that the appropriate award of attorneys fees and tax in this matter is $12,839.72

Costs of Suit

K.      Courts routinely award costs on default judgment. See, e.g., Discovery Comm., Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1292 (C.D. Cal. 2001); Century ML-Cable Corp. v. Diaz, 39 F. Supp. 2d 121, 126 (D.P.R. 1999); Cablevision Sys. N. Y. City Corp. v. Lokshin, 980 F. Supp. 107, 115 (E.D.N.Y. 1997); Cross Keys Publ'g Co.,v. Wee, Inc., 921 F. Supp. 479, 481-82 (W.D. Mich. 1995); Jobette Music Co., Inc., 864 F. Supp. at 10. Plaintiff is entitled to his costs in the amount of $772.76.

## RECOMMENDATION

Based upon the foregoing findings of fact and conclusions of law, it is hereby recommended that a Default Judgment in the form attached hereto as

13

Exhibit A, be entered in Plaintiff's favor and against all Defendants, jointly and severally.

Dated: June 28, 2012, Honolulu, Hawaii.



          /s/ Helen Gillmor
Helen Gillmor
United States District Judge

*Jack Edward Angel, Trustee of The Robert S. Angel Living Trust v. Capital Research Group, Inc., et al.,* CV10-00364 HG/KSC; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AS TO ALL DEFENDANTS (DOC. 40) AS AMENDED .**

EXHIBIT "A'

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JACK EDWARD ANGEL, Trustee of THE ROBERT S. ANGEL LIVING TRUST<br><br>Plaintiffs,<br><br>vs.<br><br>CAPITAL RESEARCH GROUP, INC., a Hawaii corporation; DANIEL P. DOYLE; FRED OVERSTREET,<br><br>Defendants. | CIVIL NO. 10-00364 HG/KSC<br>(Contract)<br><br><br><br><br><br>DEFAULT JUDMENT AS TO ALL DEFENDANTS |

Based upon Plaintiff's Motion for Default Judgment as to All Defendants, and good cause appearing therefore, it is hereby Ordered and Adjudged that:

1. Defendants having failed to answer or otherwise defend the First Amended Complaint, have been adjudged to be in default, and Plaintiff is entitled to judgment as a matter of law against all Defendants, jointly and severally. Accordingly, Defendants shall pay to Plaintiff the amount of Five Hundred Nineteen Thousand, Two Hundred Seventy-Eight Dollars and Eighty-Seven Cents

($519,278.87), plus interest after March 31, 2012, accruing at a rate of One Hundred Seventy Dollars and Seventy-Two Cents ($170.72) per day until judgment.

2. Defendants shall further pay Plaintiff's attorneys' fees in the amount of Twelve Thousand Eight Hundred Thirty-Nine Dollars and Seventy-Two Cents ($12,839.72) and costs of suit in the amount of Seven Hundred Seventy Two Dollars and Seventy-Six Cents ($772.76).

Dated: June 28, 2012, Honolulu, Hawaii.



   /s/ Helen Gillmor
Helen Gillmor
United States District Judge

*Jack Edward Angel, Trustee of The Robert S. Angel Living Trust v. Capital Research Group, Inc., et al.,* CV10-00364 HG/KSC, **DEFAULT JUDGMENT AS TO ALL DEFENDANTS**.